UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 92-2389
Summary Calendar
_____


CHARLES R. RENZ,

                                    Petitioner-Appellant,

                    versus

WAYNE SCOTT, Director,
Texas Department of Criminal Justice,
Institutional Division,

                                    Respondent-Appellee.

_____

Appeals from the United States District Court for the
Southern District of Texas
_____
(July 27, 1994)


Before GARWOOD, SMITH and DeMOSS, Circuit Judges.

GARWOOD, Circuit Judge:

    Petitioner-appellant Charles R. Renz (Renz) appeals dismissal
of his 28 U.S.C. § 2254 habeas corpus petition.   We affirm.

### Facts and Proceedings Below

    On March 14, 1981, Renz, an ex-Marine, entered a bar in
Houston, Texas.  While in the bar, Renz drank beer and played pool.
Later, Renz approached two other patrons, interrupted their game of
pool, and became abusive.  As a result, Renz was asked to leave the
bar and was escorted to the door.  Approximately thirty seconds

after Renz left the bar, someone ran into the club shouting, "He has a gun."  Robert Trevino (Trevino) and another patron immediately ran to the door to hold the bar door shut.  Thereafter Renz fired shots through the door, near the doorknob, with one of the bullets fatally striking Trevino.  Renz testified he was only trying to frighten the bar's occupants and that he believed the door would stop the bullets.  Witnesses testified that as they held the door shut they felt someone try to open it from the outside.

On September 30, 1991, a Texas jury found Renz guilty of murder in the first degree.  He was sentenced to thirty years' imprisonment in the Texas Department of Corrections.  The conviction was affirmed by the Thirteenth Texas Court of Appeals.  Thereafter, Renz petitioned the Texas Court of Criminal Appeals for discretionary review, which was refused on October 26, 1984.  Renz then filed an application for a state writ of habeas corpus, which was denied by the Texas Court of Criminal Appeals on March 11, 1987.

After Renz exhausted his state remedies in accordance with 28 U.S.C. § 2254 (b) and (c), he petitioned the court below for a writ of habeas corpus.  On May 1, 1992, the district court granted summary judgment in favor of the state on all claims.  Renz appealed and this Court has previously dismissed the appeal as to all issues except Renz's claims regarding insufficiency of the evidence.[1]

---

[1]    In his habeas corpus petition, Renz alleged ineffective assistance of counsel, insufficiency of the evidence, and numerous due process violations.  On December 8, 1992, this Court dismissed the appeal as to all ineffective assistance of counsel

## Discussion

Renz did not raise the issue of insufficiency of the evidence during his direct appeal of his state conviction. He did, however, raise the issue in his petition for state habeas relief. The Texas habeas trial court refused to reach the issue because under Texas law a claim regarding sufficiency of the evidence may be raised on direct appeal but not in a habeas proceeding. *See ex parte McWilliams*, 634 S.W.2d 815, 818 (Tex. Crim. App. 1980), *cert. denied*, 459 U.S. 1036 (1982). The Texas Court of Criminal Appeals denied relief "on the findings of the trial court." Renz's failure to raise this claim on direct appeal constituted a procedural default under state law. *Clark v. State of Texas*, 788 F.2d 309, 310 (5th Cir. 1986).

When a state court denies a prisoner's claims based on an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate (1) cause for the default *and* prejudice as a result of the alleged violation of federal law, or (2) a resulting fundamental miscarriage of justice. *Coleman v. Thompson*, 111 S.Ct. 2546, 2565 (1991). Renz has not offered any reason for his failure to raise his insufficiency of the evidence claim on direct appeal. Therefore, Renz has failed to establish a sufficient cause for his failure to present this claim in the earlier direct appeal. Accordingly, this Court need not consider the matter of prejudice. *McCleskey v. Zant*, 111 S.Ct. 1454, 1470 (1991).

---

and due process claims.

To grant a habeas petition due to a manifest miscarriage of justice, the petitioner "must show that a constitutional violation prevented him from showing his actual innocence" or "resulted in the conviction." *Ellis v. Collins*, 956 F.2d 76, 80 (5th Cir.), cert. denied, 112 S.Ct. 1285, (1992). Renz's remaining claim does not allege that a constitutional violation either brought about or contributed to his conviction or prevented him from proving his innocence. Instead, Renz simply concludes that his conviction is based upon insufficient evidence and thus the conviction is unconstitutional. As Renz's remaining claim does not allege that his conviction resulted from or was contributed to by any constitutional violation, and does not assert that the claimed insufficiency of the evidence is wholly or partly the result of any constitutional violation, Renz has failed to establish any basis on which to avoid the procedural bar which precludes consideration of his claim of insufficient evidence. *See Clark; Ellis*.

For the foregoing reasons the district court's judgment is

AFFIRMED.

4