United States Court of Appeals
**Fifth Circuit**

**F I L E D**

**November 13, 2003**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-40535
Summary Calendar

IREL BOBB, JR.,

Petitioner-Appellant,

versus

DOUG DRETKE, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. G-99-CV-601
--------------------

Before DUHÉ, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:[1]

Irel Bobb, Jr., Texas prisoner # 770532, was convicted by a
jury in 1996 of two aggravated robberies and was sentenced to forty
years in prison. Bobb filed a 28 U.S.C. § 2254 petition in the
district court challenging his convictions. The district court
granted the respondent's summary judgment motion and dismissed
Bobb's petition with prejudice. After Bobb filed a timely notice
of appeal, the district court granted a certificate of

---

[1] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

appealability ("COA") only on Bobb's claims of a due process violation and ineffective assistance of counsel stemming from alleged improper remarks made by the prosecutor during voir dire.

On appeal, Bobb challenges only the prosecutor's comment proclaiming himself to be a Christian. Thus he has waived his right to challenge any of the other remarks made by the prosecutor during voir dire. See Smith v. Cockrell, 311 F.3d 661, 679 n.12 (5th Cir. 2002), petition for cert. filed, (U.S. June 16, 2003) (No. 02-11309). To the extent that Bobb attempts to raise any claims other than those on which COA was specifically granted, we will not review those claims in the absence of an express request that this court broaden the grant of COA. See Ott v. Johnson, 192 F.3d 510, 512 n.6 (5th Cir. 1999).

Bobb argues that the prosecutor's comment so irreversibly influenced the jury against him before the trial even started that he was denied his due process right to a fair trial. The district court dismissed this claim as procedurally barred. In light of the overwhelming evidence of Bobb's guilt presented at trial, Bobb has not demonstrated actual prejudice from the remark, which is necessary to overcome the procedural bar. See Renz v. Scott, 28 F.3d 431, 432 (5th Cir. 1994). Nor has Bobb shown that, as a factual matter, he was actually innocent of the crimes of conviction. See Ward v. Cain, 53 F.3d 106, 108 (5th Cir. 1995). Consequently, Bobb has failed to show that the district court erred in dismissing his claim as procedurally barred.

Bobb also argues that counsel rendered ineffective assistance by failing to object to the prosecutor's alleged improper remark. Bobb has not shown error in the district court's finding that the failure to object was not deficient performance because counsel could reasonably have thought that such an objection might alienate any Christians on the jury. Moreover, in light of the overwhelming evidence of his guilt, Bobb has not shown actual prejudice resulting from the failure to object. Thus, Bobb has not shown that the district court erred in dismissing this claim. See Strickland v. Washington, 466 U.S. 668, 689-94 (1984); Bridge v. Lynaugh, 838 F.2d 770, 773 (5th Cir. 1988).

AFFIRMED.