NOT RECOMMENDED FOR PUBLICATION
File Name: 12a0447n.06

No. 08-3142

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

*Apr 30, 2012*

LEONARD GREEN, Clerk

JOY LOVELL,                                     )
                                                )
     Petitioner-Appellee,              )
                                                )
                                                )   ON APPEAL FROM THE UNITED
v.                                              )   STATES DISTRICT COURT FOR THE
                                                )   SOUTHERN DISTRICT OF OHIO
                                                )
SHERI DUFFEY, Warden                            )
                                                )   OPINION
     Respondent-Appellant.             )
                                                )

**Before: GILMAN and WHITE, Circuit Judges; and THAPAR, District Judge.***

**RONALD LEE GILMAN, Circuit Judge.** This court's judgment entered on January 6,
2011 was vacated by the Supreme Court on March 26, 2012 and the case remanded for further
consideration in light of *Cullen v. Pinholster*, 131 S. Ct. 1388 (2011). The Court in *Pinholster* held
that federal habeas review under 28 U.S.C. § 2254(d)(1) "is limited to the record that was before the
state court that adjudicated the claim on the merits." 131 S. Ct. at 1398.

In the case before us, Lovell petitioned the United States District Court for the Southern
District of Ohio for habeas relief from her state-court drug conviction, asserting that she had received
ineffective assistance of counsel when she declined the prosecution's guilty-plea offer. Lovell had
properly exhausted her ineffective-assistance-of-counsel claim in state court, where the court held
an evidentiary hearing and denied the claim on its merits. The district court nevertheless conducted

---

*The Honorable Amul R. Thapar, United States District Judge for the Eastern District of Kentucky, sitting by
designation.

its own evidentiary hearing on Lovell's ineffective-assistance claim, allowing both parties to present evidence that was not in the state-court record. Relying at least in part on the newly presented evidence, the district court conditionally granted habeas relief under § 2254(d)(1).

We reversed the judgment of the district court on appeal and reinstated Lovell's conviction. But in doing so, we also relied on evidence that was not in the state-court record, which *Pinholster* now prohibits. We therefore **REMAND** this case to the district court for reconsideration in light of *Pinholster*.