# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 17, 2012

No. 10-10766

Lyle W. Cayce
Clerk

BRADLEY ALLEN REGISTER,

Petitioner–Appellee

v.

RICK THALER, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

Respondent–Appellant

Appeal from the United States District Court
for the Northern District of Texas

Before HIGGINBOTHAM, OWEN, and HAYNES, Circuit Judges.
PATRICK E. HIGGINBOTHAM, Circuit Judge:

The district court granted habeas relief under 28 U.S.C. § 2254 because
the reporter for the state trial court lost her notes, impairing resolution of the
prisoner's challenges to his conviction.  We are persuaded that the district court
could likely have reconstructed an adequate record, and we vacate the grant of
relief and remand the case to the district court for further proceedings.

**I.**

A Texas jury convicted the petitioner, Bradley Allen Register, of possession
or transportation of anhydrous ammonia, a chemical used in manufacturing
methamphetamine, in a container or receptacle not designed or manufactured

No. 10-10766

for the storage or transport of anhydrous ammonia.[1]  While this offense carries a maximum sentence of ten years imprisonment, Register had a prior felony conviction for possession of a controlled substance, exposing him to a maximum sentence of up to twenty years.  After a jury verdict of guilty, he pleaded "true" to the enhancement and was sentenced to twelve years imprisonment.  Register waived in writing his right to seek a new trial and all appellate rights: his rights to take an appeal, to counsel on appeal, and to have the record on appeal provided to him free of charge.  Register, his attorney, and the trial judge signed the waiver.

A few months after his conviction, Register filed an application for habeas relief in the convicting court.  Texas law requires such a convicting court to make findings as to "whether there are controverted, previously unresolved facts material to the legality of the applicant's confinement" within thirty-five days of the filing of the habeas application.[2]  If the convicting court fails to act within that thirty-five-day window, it is deemed to have found that there are no such unresolved factual issues.[3]  The state trial court failed to act on Register's petition.  The Texas Court of Criminal Appeals in turn denied the application without a written order.

Register then filed his federal habeas petition, asserting the five claims of his state application: (1) denial of his right to appeal; (2) ineffective assistance of counsel; (3) illegal search and seizure; (4) insufficiency of the evidence; and (5) double jeopardy.

---

[1] *See generally* TEX. HEALTH & SAFETY CODE ANN. § 481.1245 (West 2010).

[2] *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 § 3(b)–(c) (West 2005).

[3] *Id.* § 3(c).

2

No. 10-10766

Under Texas law, an indigent criminal defendant is entitled to a free copy of his trial transcript only if he takes a direct appeal.[4] Because Register waived his right to a direct appeal, when he requested a copy of his trial transcript prior to filing his state habeas petition, the state court refused to provide him with one. In its answer to Register's § 2254 habeas petition, the State alleged that it was impossible for Register to carry his burden of proof under AEDPA without a trial transcript. Register replied to the State's answer, again asserting that he had not been given access to his court transcripts. The district court then asked the State to obtain a copy of the trial transcript. Only then was it was found that the court reporter had lost her notes and could not provide a transcription.

The district court ultimately granted Register's petition, noting that the state-court records it had received "do not contain a statement of facts, docket sheets, clerk's records, [] copies of pretrial motions[,] . . . or copies of transcriptions of any pretrial, trial, plea agreement, or sentencing proceedings" and that "even with the deference due a state court's decision, the record is simply too insufficient to conduct the review required by 28 U.S.C. § 2254(d) when there are no state records or facts before this Court." The State timely appealed.

## II.

"In a habeas corpus appeal, we review the district court's findings of fact for clear error and review its conclusions of law de novo, applying the same standard of review to the state court's decision as the district court."[5] A petitioner presenting a "claim that was adjudicated on the merits in State court"

---

[4] *Ex parte Trainer*, 181 S.W.3d 358, 358–59 (Tex. Crim. App. 2005).

[5] *Garcia v. Quarterman*, 454 F.3d 441, 444 (5th Cir. 2006) (internal quotation marks omitted).

can prevail only if the state-court decision: (1) "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[6]

## III.

Register argues that the absence of a record of the proceedings leading to his conviction and sentence made it impossible for the state courts to evaluate the merits of his claims and that he therefore should escape AEDPA standards of review. The argument has purchase only if it elides the relevant section of AEDPA, which "refers only to a 'decision,' which resulted from an 'adjudication.'"[7] Insofar as Register's claims were adjudicated on the merits in the state courts,[8] AEDPA barred the federal district court from granting habeas relief absent a determination that the state court adjudication was contrary to or involved an unreasonable application of clearly established federal law, or was

---

[6] 28 U.S.C. § 2254(d).

[7] *Harrington v. Richter*, 131 S. Ct. 770, 784 (2011).

[8] Because the CCA denied Register's habeas application without written order, its decision constituted a "denial on the merits" as to all of Register's non-procedurally-barred claims. *McCall v. Dretke*, 390 F.3d 358, 362 n.12 (5th Cir. 2004) ("The Texas Court of Criminal Appeals denied McCall's state habeas application without written order. However, we have recognized that under Texas law, the denial of relief by the Court of Criminal Appeals serves as a denial on the merits." (citing *Barrientes v. Johnson*, 221 F.3d 741, 779–80 (5th Cir. 2000))); *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997) ("In our writ jurisprudence, a 'denial' signifies that we addressed and rejected the merits of a particular claim . . . ."). Thus, AEDPA standards apply. *See Cullen v. Pinholster*, 131 S. Ct. 1388, 1402 (2011) ("Section 2254(d) applies even where there has been a summary denial."); *Richter*, 131 S. Ct. at 784 ("[D]etermining whether a state court's decision resulted from an unreasonable legal or factual conclusion does not require that there be an opinion from the state court explaining the state court's reasoning."). Register's sufficiency of the evidence claim was procedurally defaulted. *See infra* notes 22–23 and accompanying text. That claim was thus denied on an independent and adequate state procedural ground, and the district court cannot review the denial unless Register demonstrates cause and prejudice for the default. *See Dretke v. Haley*, 541 U.S. 386, 392 (2004).

No. 10-10766

based on an unreasonable determination of the facts in light of the evidence adduced in the state court proceeding.[9]   Granting Register's petition based solely on the fact that "the record is simply too insufficient to conduct the review required by 28 U.S.C. § 2254(d)" moves too quickly.

At the same time, the state should not win by default when a petitioner is stymied by circumstances of the state's making.  While AEDPA commands substantial deference to the decisions of state courts, "deference does not imply abandonment or abdication of judicial review."[10] Want of the trial transcript and other critical portions of the state-court record places the district court in a difficult position.   Nonetheless, the district court must undertake meaningful review of Register's claims.

## IV.

Review on this record poses challenges.

### A.

First, there is *Cullen v. Pinholster*, which limits review under § 2254(d) to the record that was before the state court.[11]   While we have neither a trial transcript nor any written analysis of Register's state habeas petition from the state  trial court or CCA, the state habeas court's failure to act on Register's petition is under Texas law a decision that there were no unresolved factual issues relevant to Register's detention.  The federal district court thus may presume that the CCA found no unresolved factual issues relevant to Register's detention and "look through" the CCA's decision to analyze the trial court's

---

[9] *See* 28 U.S.C. § 2254(d).

[10] *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).

[11] *Pinholster*, 131 S. Ct. at 1398, 1400 n.7.

5

No. 10-10766

rejection of Register's petition.[12] The state trial court had at its disposal not only the record documents now in Register's file, but also the trial judge's recollection of the trial, pre-trial, and post-trial proceedings. Under these circumstances, *Pinholster* does not bar the district court from re-creating, if it can, the record that the state trial court had before it when it reviewed Register's habeas petition.

As an initial step, the district court should determine whether Register has made a preliminary showing that further factual development of his claims "might be fruitful."[13] If the district court determines that Register has made such a showing, it may, as it thinks appropriate, solicit from the trial judge a certificate setting forth the facts occurring at trial,[14] allow the parties to take depositions and submit affidavits,[15] and, if needed, conduct a live evidentiary hearing.[16]

We are hesitant to proceed to the merits in part because, even in the absence of a state court record and written opinion, some of Register's claims clearly cannot succeed. For example, the district court does not need additional materials to determine that Register's Double Jeopardy claim must fail. The

---

[12] *See Ylst v. Nunnemaker*, 501 U.S. 797, 803–04 (1991); *Bledsue v. Johnson*, 188 F.3d 250, 256 (5th Cir. 1999).

[13] *See Dalton v. Battaglia*, 402 F.3d 729, 734 (7th Cir. 2005).

[14] *See* 28 U.S.C. § 2245.

[15] *See id.* § 2246.

[16] *See id.* § 2254(e)(2). An evidentiary hearing generally is not available to a petitioner who "failed to develop the factual basis of a claim in State court proceedings." *Id.* Here, however, the failure to develop the record in the state habeas proceeding was not Register's fault, as the trial court never took any action on his petition. While the district court may not consider evidence introduced at an evidentiary hearing that was not part of the state-court record, *see Pinholster*, 131 S. Ct. at 1399–1400, we see no reason why the district court could not consider evidence introduced for the limited purpose of reconstructing part of the state-court record. *Cf. Dalton*, 402 F.3d at 736–37.

6

No. 10-10766

Supreme Court has squarely held that the introduction of extraneous-offense evidence under Rule 404(b) does not implicate double-jeopardy principles.[17]  In addition, because Texas has processes that allow defendants like Register to pursue Fourth Amendment claims at the trial level and on direct appeal, under *Stone v. Powell*, Register "received a full and fair opportunity to litigate" his illegal-search-and-seizure claim and is barred from raising it on federal habeas review.[18]  "[I]t is the existence of state processes allowing an opportunity for full and fair litigation of fourth amendment claims, rather than a defendant's use of those processes, that serves the policies underlying the exclusionary rule and bars federal habeas corpus consideration of claims under *Stone*."[19]  In short, the *Stone* bar applies even where the petitioner did not avail himself of the litigating opportunity provided by the state courts.[20]

For other claims, further factual development may be necessary.  Register claims his counsel was ineffective at many stages in the state court proceeding. Although some of Register's allegations remain cryptic, the grounds for this claim appear to include failures to argue that the prosecution had not met its burden, to challenge the admission of evidence obtained without probable cause, to call expert witnesses and to prepare adequately for cross-examination, and misleading Register regarding his appellate rights and the content of the written waiver.  The State argues that the "state court's decision to deny relief on Register's *Strickland* claims" is entitled to deference "based on Register's

---

[17] *See United States v. Felix*, 503 U.S. 378, 387 (1992) ("[T]he introduction of relevant evidence of particular misconduct in a case is not the same thing as prosecution for that conduct.").

[18] *Moreno v. Dretke*, 450 F.3d 158, 167 (5th Cir. 2006) (citing *Stone v. Powell*, 428 U.S. 465, 494 (1976)).

[19] *Williams v. Brown*, 609 F.2d 216, 220 (5th Cir. 1980) (citing *Caver v. Alabama*, 577 F.2d 1188, 1192–93 (5th Cir. 1978)).

[20] *See id.*

inartful pleading." We insist that claims be presented, but the measure for that accounting includes our unwillingness to hold pro se litigants "to the same stringent and rigorous standards as are pleadings filed by lawyers."[21]

Register did not raise his sufficiency of the evidence claim on direct appeal, and it was not cognizable on state habeas review.[22] Thus, the sufficiency of the evidence claim was denied on an independent and adequate state procedural ground. To overcome the procedural default bar, Register must establish either cause and prejudice or that failure to consider the claim will result in a fundamental miscarriage of justice.[23] Register's waiver of appeal rights likely forecloses any such showing. Of course, this assumes the validity of the waiver.

But Register's denial of appeal claim also has limited prospects. There is no constitutional right to a direct appeal.[24] "Nonetheless, if a State has created appellate courts as 'an integral part of the . . . system for finally adjudicating the guilt or innocence of a defendant,' . . . the procedures used in deciding appeals must comport with the demands of the Due Process and Equal Protection Clauses of the Constitution."[25] A valid "waiver of the right to appeal requires only that there be a knowledge of the right to appeal and a failure to make known the desire to exercise that right."[26] Register signed a written waiver that

---

[21] *Hernandez v. Thaler*, 630 F.3d 420, 426 & n.26 (5th Cir. 2011) (per curiam) (citations and internal quotation marks omitted).

[22] *See Renz v. Scott*, 28 F.3d 431, 432 (5th Cir. 1994); *Ex parte Grigsby*, 137 S.W.3d 673, 674 (Tex. Crim. App. 2004) ("A challenge to the sufficiency of the evidence presents one of those instances where we can never consider the merits of the applicant's claim.").

[23] *Williams v. Thaler*, 602 F.3d 291, 307 (5th Cir. 2010).

[24] *Evitts v. Lucey*, 469 U.S. 387, 393 (1985).

[25] *Id.* (citation omitted) (first alteration in original) (quoting *Griffin v. Illinois*, 351 U.S. 12, 18 (1956)).

[26] *Childs v. Collins*, 995 F.2d 67, 69 (5th Cir. 1993); *see also White v. Johnson*, 180 F.3d 648, 654 (5th Cir. 1999) ("[A] defendant may be held to have waived the right to appeal upon

acknowledged his appeal rights and expressly waived those rights. Absent competing and convincing evidence extrinsic to the waiver, Register cannot succeed on this claim. Indeed, the validity of the waiver is a precedent issue and may prove to be determinative by obviating the need, for example, of a trial transcript to assess the claim of insufficient evidence.

## B.

Second, there is the question of what role – if any – § 2254(e)(1) and § 2254(f) should play in the district court's analysis. Under § 2254(e)(1), a state court's discrete factual findings are presumed to be correct, and the petitioner "ha[s] the burden of rebutting the presumption of correctness by clear and convincing evidence."[27] The presumption applies both to explicit findings of fact and to "unarticulated findings which are necessary to the state court's conclusions of mixed law and fact."[28] Section 2254(f) modifies the § 2254(e)(1) presumption of correctness for instances in which a petitioner "challenges the sufficiency of the evidence adduced in [the State habeas proceeding] to support the State court's determination of a factual issue."[29] In such instances, if neither the petitioner nor the State can provide the portion of the record pertinent to the petitioner's challenge, "the court shall determine under the existing facts and circumstances what weight shall be given to the State court's factual determination."[30]

---

a showing that the defendant was fully informed of his appellate rights and failed to make known his desire to exercise those rights.").

[27] 28 U.S.C. § 2254(e)(1); *see Miller-El v. Cockrell*, 537 U.S. 322, 341 (2003); *Valdez v. Cockrell*, 274 F.3d 941, 951 n.17 (5th Cir. 2001).

[28] *Valdez*, 274 F.3d at 948 n.11.

[29] 28 U.S.C. § 2254(f); *see Valdez*, 274 F.3d at 955 n.21.

[30] 28 U.S.C. § 2254(f).

## No. 10-10766

While the relationship of §§ 2254(e)(1) and (f) to § 2254(d) remains unresolved,[31] we need not confront that issue here because the State court in this case made no discrete findings of fact or discrete conclusions of mixed fact and law. We do not know, for instance, whether the trial court reached both prongs of the *Strickland* test in rejecting Register's ineffective assistance claim. Whatever interplay between § 2254(d) and §§ 2254(e)(1) and (f) there might be in some cases, the latter sections will not apply here because there are no explicit or implicit individual findings of fact for the petitioner to challenge or for the district court to review.[32]

## V.

We VACATE the district court's grant of a writ of habeas corpus and REMAND the case for further proceedings consistent with this opinion.

---

[31] *See, e.g.*, *Wood v. Allen*, 130 S.Ct. 841, 849 (2010) ("Although we granted certiorari to resolve the question of how §§ 2254(d)(2) and (e)(1) fit together, we find once more that we need not reach this question. . . ."); *Valdez*, 274 F.3d at 955 n.21 ("[I]t is not clear that § 2254(f) impacts the § 2254(d) standards of review.").

[32] *See Miller-El*, 537 U.S. at 341 (explaining that § 2254(e)(1) "pertains only to state-court determinations of factual issues, rather than decisions").

No. 10-10766

HAYNES, Circuit Judge, concurring in part:

I concur in Sections I-III of the majority opinion. I also concur in the portion of the judgment and accompanying reasoning in Section IV.A. vacating the district court's judgment and remanding the case to the district court for reconstruction of the pertinent portions of the record. I agree that the district court should consider what matters may need a record for proper review and what matters may be decided without a record. However, I respectfully disagree with the concept of discussing the merits of the issues presented at this juncture. I would leave determination of those issues to the district court in the first instance followed by appellate review, if sought, thereafter.