# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
May 31, 2013

Lyle W. Cayce
Clerk

No. 12-41057
Summary Calendar

DOUGLAS ALAN BURDEN,

                    Plaintiff-Appellant

v.

UNKNOWN PARTY; STATE OF TEXAS; LOLITA RAMOS; DAVID BARLOW; LAYNE WALKER; STEVE MCKEITHEN; DON BURGESS; DAVID B. GUALTNEY; CAROL ANNE FLORES; CHARLES A. KREGER; HOLLIS HORTON,

                    Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:09-CV-819

Before WIENER, ELROD, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Douglas Alan Burden, Texas prisoner # 1160823, appeals the district court's dismissal of his 42 U.S.C. § 1983 complaint in which he argues that his due process rights were violated because he was improperly denied his right to appeal his Texas aggravated assault conviction. He asserts that the state trial court misapplied Rule 25.2 of the Texas Rules of Appellate Procedure and erred

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

in completing the certificate of the right to appeal (CORTA) form and that the rule was not applicable to the proceeding in which the state trial court adjudicated his guilt and sentenced him to 35 years of imprisonment.  He also contends that his waiver of the right to appeal was not valid.

The district court did not err in dismissing Burden's complaint for failure to state a claim.  *See Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008).  Burden had no federal constitutional right to a direct appeal, *see Register v. Thaler*, 681 F.3d 623, 628 (5th Cir. 2012), and he did not allege sufficient facts to show specifically that the state courts deprived him of his right to appeal his conviction without constitutionally adequate process by applying Rule 25.2 and the CORTA form or to show that his waiver of the right to appeal was not valid. *See Ridgely v. Fed. Emergency Mgmt. Agency*, 512 F.3d 727, 734 (5th Cir. 2008). Further, to the extent that Burden avers that the state courts misapplied Rule 25.2(a)(2) and made errors when completing the CORTA form, the district court did not err in dismissing his complaint as he has alleged violations of state law only.  *See Jackson v. Cain*, 864 F.2d 1235, 1251-52 (5th Cir. 1989).

The district court's dismissal of Burden's complaint for failure to state a claim counts as a strike for purposes of 28 U.S.C. § 1915(g).  *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996); *see also Patton v. Jefferson Correctional Center*, 136 F.3d 458, 463-64 (5th Cir. 1998).  Burden has already accumulated two strikes under § 1915(g).  *See Burden v. Unidentified Party*, No. 05-40781 (5th Cir. Aug. 7, 2006)  (dismissing as frivolous an appeal from the district court's dismissal of his § 1983 complaint as frivolous and failing to state a claim).  Burden is advised that he has now accumulated at least three strikes and that he may not proceed in forma pauperis in any civil action or appeal while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  *See* § 1915(g).

AFFIRMED; SANCTION IMPOSED.