**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 13a0889n.06

No. 12-4152

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Oct 15, 2013
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| JOY LOVELL, | ) | |
| | ) | ON APPEAL FROM THE |
| Petitioner-Appellant, | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE SOUTHERN |
| v. | ) | DISTRICT OF OHIO |
| | ) | |
| SHERI DUFFEY, Warden, | ) | O P I N I O N |
| | ) | |
| Respondent-Appellee. | ) | |

BEFORE:     COLE, KETHLEDGE, and STRANCH, Circuit Judges.

COLE, Circuit Judge.  Petitioner-Appellant Joy Lovell appeals the district court's denial of her petition for a writ of habeas corpus under 28 U.S.C. § 2254.  Lovell bases her habeas petition on the alleged ineffective assistance of counsel in the plea-bargaining context.  On appeal, she contends that (1) the district court erred in deferring to the Ohio Court of Appeals' factual determination that her trial counsel informed her of the risk of rejecting a plea deal; and (2) the district court erred in excluding from its review a supporting certificate from her state trial court judge.  Because of the highly deferential standards of review imposed by the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), and because the district court properly confined its review to the record before the Ohio Court of Appeals in accordance with *Cullen v. Pinholster*, 131 S. Ct. 1388 (2011), we affirm the district court's order denying Lovell's petition for habeas relief.

## I. BACKGROUND

The history of this case, before us for a second time, is by now well documented. *See, e.g.*, *Lovell v. Duffey*, 629 F.3d 587 (6th Cir. 2011), *vacated and remanded*, 132 S. Ct. 1790 (2012). We therefore assume some familiarity with the facts and issues presented, and we summarize accordingly.

### A. The Facts

In 2003, an Ohio grand jury indicted Joy Lovell on one count of aggravated trafficking in drugs, one count of aggravated possession of drugs, and one count of permitting drug abuse. The aggravated trafficking charge carried a mandatory prison sentence. Prior to trial, the State offered Lovell a plea bargain in which she would agree to plead guilty to a lesser charge, punishable by probation, as an alternative to prison time. She rejected the offer under ambiguous circumstances. Lovell says she did so because she believed a guilty verdict would similarly result in nothing more than probation; the State says she did so only because she believed she was innocent and did not want to forfeit her vehicle, which was a condition of the plea bargain.

Lovell proceeded to trial, and a jury convicted her of aggravated drug trafficking and permitting drug abuse. The former offense triggered a mandatory sentence of between one and five years in prison. At her sentencing hearing, the state trial court explained this to Lovell's apparent surprise. During the sentencing colloquy, Lovell stated three times that she was unaware of the mandatory prison term. Her attorney countered that they had discussed the matter before trial.

After sentencing, Lovell obtained different counsel and filed a motion for a new trial, arguing that her trial counsel had not informed her that one of the offenses carried a mandatory prison sentence. The state trial court held a hearing on the motion, at which Lovell testified to the same effect. She explained her understanding of the plea bargain—that it allowed her to plead guilty to a lesser charge, for which probation remained possible, but also required her to forfeit her vehicle, something she did not want to do for a number of reasons. Lovell maintained that her trial counsel "never, ever mentioned jail time at all or prison." Not wanting to give up her car and apparently unaware of a possible mandatory prison term, she rejected the offer. Instead, she said she proceeded to trial on the belief that she "would [still] be eligible for probation" even if found guilty. Lovell says she would have made a different decision had she been fully informed at the time.

Four years later, in conjunction with her petition for federal habeas relief, Lovell submitted a supporting certificate from the judge who presided at trial. The judge averred that "Lovell expressed complete surprise about the mandatory prison requirement" and exhibited a demeanor "consistent with someone who was shocked and surprised." The judge also averred that he would have been inclined to sentence Lovell to probation had she accepted the plea bargain.

## B. Procedural History

The state court denied Lovell's motion for a new trial. On direct review, the Ohio Court of Appeals affirmed her conviction and the denial of her motion for a new trial in summary fashion, holding that she "did not receive the ineffective assistance of counsel." The Supreme Court of Ohio denied discretionary review for want of a substantial constitutional question. Lovell also filed a state post-conviction petition while her appeal was pending, based on the same claim and the same

evidence. The trial court dismissed her petition because the Ohio Court of Appeals had already rejected her claim on direct appeal. The court of appeals affirmed the dismissal, concluding that her post-conviction petition was barred by Ohio's res judicata doctrine.

In 2007, Lovell filed a federal petition for habeas corpus, again raising her claim of ineffective assistance of counsel at the trial level. The district court held an evidentiary hearing at which "new and additional evidence" was introduced. It was then that Lovell presented the trial judge's certificate. She also testified in support of her claim, as did her husband. The State countered with testimony from her trial counsel and evidence that Lovell had filed a civil malpractice claim against him but voluntarily dismissed it without explanation. The State also suggested that a manilla folder belonging to her trial counsel with handwritten notations regarding the mandatory prison sentence proved that he had provided such information to Lovell. After considering all of the evidence, the district court sided with Lovell. Accordingly, the court granted her habeas petition, finding that the state appellate court unreasonably applied *Strickland v. Washington*, 466 U.S. 668 (1984), in denying her claim.

A divided panel of this Court reversed on appeal. *Lovell v. Duffey*, 629 F.3d 587 (6th Cir. 2011). The panel weighed the effect of the additional evidence introduced at the district court's evidentiary hearing. Unlike the district court, however, the panel considered the evidence supporting the decision of the state appellate court to be "at least as strong as the evidence to the contrary." *Id.* at 597. Looking to 28 U.S.C. § 2254(d)(1), the panel concluded that the state court had not unreasonably applied *Strickland* on such a close set of facts. The panel noted its belief that

the state court's decision was "correct," but even if it was "arguably wrong," there was no justification to find the court's result unreasonable. *Id.* at 598.

Lovell filed a petition for certiorari. While her petition was pending, the Supreme Court decided *Cullen v. Pinholster*, 131 S. Ct. 1388 (2011), which limits federal habeas review of state-court decisions to the record that was before the relevant state court at the time. The Supreme Court subsequently granted certiorari, vacated this Court's judgment, and remanded for further consideration in light of the new decision. *Lovell v. Duffey*, 132 S. Ct. 1790 (2012). We then remanded the case to the district court for reconsideration in light of *Pinholster*. *Lovell v. Duffey*, 469 F. App'x 461 (6th Cir. 2012).

## C. The Instant Appeal

The district court denied Lovell's habeas petition on remand, the definitive difference being that the court this time declined to consider the trial judge's certificate in accordance with *Pinholster*'s command to limit review to the record before the state court at the time of its decision. The district court found that the remaining evidence "support[ed] a reasonable inference that Lovell decided to go to trial in the hope that she would be found innocent" and that she rejected the plea because she did not want to give up her car, not because she was under the mistaken impression that she would be eligible for probation in any event. Lovell's testimony to the contrary proved insufficient to overcome the highly deferential standard imposed by AEDPA. Under § 2254(d)(2), the district court concluded that the state court reasonably determined that "Lovell was informed about the risk of rejecting the offered plea." Accordingly, the court also concluded that under § 2254(d)(1), it could not find that the state appellate court unreasonably applied *Strickland* in

rejecting her ineffective assistance claim. Lovell now appeals, arguing that the district court erred in deferring to the state appellate court's factual determination and that the district court should have received and considered the trial judge's certificate despite the Supreme Court's opinion in *Pinholster*.

## II. STANDARD OF REVIEW

In a habeas proceeding, we typically review the district court's legal conclusions de novo and its factual findings for clear error. *Adams v. Holland*, 330 F.3d 398, 400 (6th Cir. 2003). Nevertheless, when a district court bases its decision on a transcript from the petitioner's state trial proceedings, thus making no credibility determinations or other apparent findings of fact, we review the district court's factual findings de novo as well. *Williams v. Bagley*, 380 F.3d 932, 941 (6th Cir. 2004). Because Lovell filed her habeas petition on September 6, 2007, well after AEDPA became effective, AEDPA governs our review. *Carter v. Mitchell*, 443 F.3d 517, 524 (6th Cir. 2006).

In AEDPA, Congress provided that:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)–(d)(2).

## A. Standard of Review under 28 U.S.C. § 2254(d)(2)

Lovell appeals on the ground that the Ohio Court of Appeals based its decision on an unreasonable factual determination within the meaning of § 2254(d)(2). To demonstrate that the appellate court decision was based on an unreasonable determination of the facts under § 2254(d)(2), Lovell must both establish the "unreasonable determination" and show "that the resulting state court decision was 'based on' that unreasonable determination." *Rice v. White*, 660 F.3d 242, 250 (6th Cir. 2011) (citation omitted). We may take into account only "the record that was before the state court that adjudicated the claim on the merits" when evaluating an AEDPA claim under § 2254(d). *Id.* at 251 (citing *Pinholster*, 131 S. Ct. at 1398).

We accord a presumption of correctness to the state court's factual findings. 28 U.S.C. § 2254(e)(1) ("[A] determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."). Thus, we must accept the state court's fact-finding, unless Lovell submits evidence clearly and convincingly to the contrary. *Rice*, 660 F.3d at 250; *Williams*, 380 F.3d at 942 ("The presumption of correctness also applies to factual findings made by a state appellate court based on the state trial record."). As a result, "even if reasonable minds reviewing the record might disagree about the finding in question," we may not disturb the state court's determination unless that determination was unreasonable. *Wood v. Allen*, 558 U.S. 290, 301 (2010) (citation, brackets, and internal quotation marks omitted). "The standard is demanding but not insatiable," and the Supreme Court has noted that "deference does not by definition preclude relief." *Miller-El v. Dretke*, 545 U.S. 231, 240 (2005) (brackets and internal quotation marks omitted).

**B. Modified AEDPA Standard of Review Due to Summary Opinion from the State Court**

Although the Ohio Court of Appeals issued a summary opinion, the general standards of § 2254(d) still apply. *Harrington v. Richter*, 131 S. Ct. 770, 784–85 (2011) (holding that § 2254(d) deference applies even when a state court's order is unaccompanied by an opinion explaining the reasons relief has been denied). Yet, as we have stated before, where the state court summarily disposes of a constitutional claim, we defer only "to the result reached[,] not the reasoning used" by the state court. *Hawkins v. Coyle*, 547 F.3d 540, 546–47 (6th Cir. 2008). Under this modified form of AEDPA deference, we conduct "careful and independent review of the record and applicable law." *Id.* at 546 (internal quotation marks omitted). This independent review, however, "is not a full, de novo review of the claims, but remains deferential because the court cannot grant relief unless the state court's result is not in keeping with the strictures of the AEDPA." *Harris v. Stovall*, 212 F.3d 940, 943 (6th Cir. 2000).

### III. ANALYSIS

Lovell's appeal requires us to resolve two issues: (1) whether the Ohio Court of Appeals' decision denying her ineffective assistance of counsel claim was based on an unreasonable factual determination within the meaning of § 2254(d)(2); and (2) whether the district court should have received and considered the trial judge's certificate on remand. We address each in turn.

**A. Section 2254(d)(2) and the Ohio Court of Appeals' Principal Factual Determination**

Lovell bases her habeas petition and this appeal on an alleged violation of her Sixth Amendment right to the effective assistance of counsel. To have been entitled to relief, Lovell had to show both that her counsel provided deficient assistance and that she suffered prejudice as a

result. *Strickland*, 466 U.S. at 687. In the plea-bargaining context, a criminal defendant may satisfy the first prong from *Strickland* if defense counsel failed to "explain the sentencing exposure the defendant will face as a consequence of exercising each of the options available." *Smith v. United States*, 348 F.3d 545, 553 (6th Cir. 2003); *see Hill v. Lockhart*, 474 U.S. 52, 58–59 (1985). To satisfy the second prong, a defendant must also show that, but for the ineffective assistance, there is a reasonable probability that the defendant would have accepted the plea bargain. *Magana v. Hofbauer*, 263 F.3d 542, 547–48 (6th Cir. 2001); *see Lockhart*, 474 U.S. at 59.

Lovell argues that the Ohio Court of Appeals was objectively unreasonable when it determined that her attorney had informed her that the State's plea offer eliminated an otherwise mandatory prison term. The State counters that "all credible evidence" leads to the conclusion that her attorney informed her that she faced a mandatory prison term if convicted as charged.

Taking into account only the record and briefs presented to the Ohio Court of Appeals, Lovell cannot prove by clear and convincing evidence that the court's factual determination was unreasonable. As the transcripts from her sentencing hearing and hearing on the motion for a new trial reflect, the evidence supporting the court's determination is at least as strong as the evidence to the contrary. As a result, Lovell cannot meet the high burden of proof that AEDPA imposes.

Lovell's challenge of the state court's fact-finding boils down to three arguments: (1) the court of appeals ignored direct evidence from Lovell that her attorney failed to tell her about the mandatory prison term; (2) the State failed to present any direct evidence to the contrary; and (3) the remaining circumstantial evidence could not support a determination that Lovell's attorney told her about the mandatory prison term. As we describe below, each argument falls short.

### 1. Argument One: The Ohio Court of Appeals Ignored Lovell's Direct Evidence

Lovell first argues that the court of appeals ignored the direct evidence she presented to the trial court that her attorney failed to inform her about the mandatory prison term. Lovell notes that she twice testified under oath that her attorney never told her that the plea offer eliminated the mandatory prison term. She then asserts that "[a]t no point did the Ohio Court of Appeals ever acknowledge this contradictory evidence—let alone weigh or discredit it." Lovell misses the point. Just because the appellate court summarily denied her claim does not mean it failed to acknowledge, weigh, or discredit her statements. To the contrary, the court of appeals expressly stated, in a later opinion, that it conducted a "thorough review . . . under established law" prior to concluding Lovell did not receive the ineffective assistance of counsel. State courts are entitled to render judgment in summary fashion, and we must still afford those decisions their due deference under AEDPA. *Richter*, 131 S. Ct. at 784–85.

Even under our modified AEDPA review of summary opinions, there are ample reasons to support the court's determination and to believe the court of appeals considered Lovell's statements but discredited them anyway. For one, Lovell's statements were self-serving. The court may have discredited her statements for that reason alone. For another, Lovell's statements cut both ways. During the hearing on Lovell's motion for a new trial, she testified that her attorney never told her about the mandatory prison term. But she conceded that her attorney told her what the plea bargain was, admitted that she recalled the terms of the plea bargain, and acknowledged that he told her if she accepted the plea bargain, it would make her eligible for probation. From these concessions,

the court of appeals reasonably may have inferred that Lovell's attorney also informed her that she faced a mandatory prison term if she rejected the plea bargain and was found guilty.

### 2. *Argument Two: The State Failed to Present Any Direct Evidence to the Contrary*

Lovell next argues that the State failed to present any direct evidence that her attorney informed her of the mandatory prison term. After Lovell had testified at the evidentiary hearing on her motion for a new trial, the State did not call Lovell's trial attorney as a witness to contradict Lovell's version of the events. But as we have already explained, there are ample reasons to believe the Ohio Court of Appeals considered Lovell's testimony but decided not to credit her statements. Without sufficient evidence of ineffective assistance, Lovell failed to carry the burden of proof. Furthermore, if Lovell wants to credit her own statements during the sentencing colloquy as direct evidence, then she must also acknowledge as direct evidence her attorney's statements made during the same exchange. Lovell's attorney stated on the record that he had informed Lovell of the mandatory prison term. As an officer of the court, Lovell's attorney owed a duty of candor to the tribunal that the court of appeals might have credited in weighing these conflicting statements.

### 3. *Argument Three: The Remaining Circumstantial Evidence Was Insufficient*

Finally, Lovell argues that the remaining circumstantial evidence in the state court record was insufficient to support a factual determination that her attorney informed her of the mandatory prison term. Lovell had the burden to prove that her attorney failed to do so, but she did not carry that burden here, where the remaining circumstantial evidence cuts both ways.

In Lovell's favor, the sentencing hearing could be interpreted to show that trial counsel had not researched the law and did not inform Lovell that she faced a mandatory prison sentence. When

the trial court initially asked, "Do you understand that there's mandatory time in this case?" trial counsel responded, "What, Your Honor?" When the court repeated, "You understand the time is mandatory? Does she understand that?" counsel offered no reply, but Lovell answered, "No." She expressly stated three times during the sentencing hearing that she was unaware of the mandatory prison term, but her attorney refuted those statements only once. It was after the court explained that it had no option but to impose a prison term that Lovell nodded her head affirmatively, perhaps to acknowledge the court's statement. It may be reasonable to expect, as Lovell suggests, that an attorney who had fulfilled his obligations to inform his client of a mandatory prison term would correct the record more vigorously. Lovell also points to counsel's question to the trial judge about whether there was a mandatory fine in this case (there was) to support the inference that he did not tell her about the mandatory aspects of sentencing because he did not know about them.

In the State's favor, counsel's statement, "What, Your Honor?" may have indicated only that the attorney did not hear what the court said. Counsel may not have challenged Lovell more vigorously because he wished to avoid a confrontation with his client in open court. After the trial judge asked Lovell if she understood the mandatory term, she nodded her head affirmatively, and her attorney stated he thought she understood and the fact "was sinking in slowly." Lovell did not challenge these remarks. Counsel informed the court that he discussed the mandatory term with Lovell once before trial. When counsel asked about a mandatory fine, he may have been reminding the court that it was concluding a sentencing hearing without levying the required fine. Further, at the hearing on the motion for a new trial , Lovell repeatedly acknowledged that her attorney informed her that if she accepted the plea bargain, her charges would be reduced and she would be

eligible for probation. She also volunteered that she rejected the plea bargain "because they wanted to take my car, and I had no other way to get to the doctor and stuff." On cross-examination, she repeatedly maintained her innocence of the underlying charges. Taken together, these facts could lead to the reasonable inference that Lovell's attorney informed her of the mandatory prison term, but that she proceeded to trial anyway in the hope that she would be found innocent, thereby keeping her car.

Viewed most charitably, Lovell's arguments still fall short of showing by "clear and convincing evidence" that the Ohio Court of Appeals made an unreasonable factual determination. Lovell failed to meet her burden of proof in state post-conviction proceedings before. And under the strictures of § 2254(d)(2) and (e)(1), she fails to overcome the presumption of correctness in the state court's factual determination today. We therefore agree with the district court's deference to the state appellate court's factual determination on this point.

**B. Admissibility of the Trial Judge's Certificate under 28 U.S.C. § 2245**

Lovell also argues that the district court was required, on remand, to receive and consider the state trial judge's certificate under 28 U.S.C. § 2245. The State counters that in light of *Pinholster*'s command limiting federal habeas review under § 2254(d) to the record before the state court that denied post-conviction relief, the district court properly excluded the judge's certificate because it was not in the record before the Ohio Court of Appeals.

Section 2245 provides, in relevant part, that:

> On the hearing of an application for a writ of habeas corpus to inquire into the legality of the detention of a person pursuant to a judgment the certificate of the

> judge who presided at the trial resulting in the judgment, setting forth the facts occurring at the trial, shall be admissible in evidence.

28 U.S.C. § 2245.

Few decisions address certificates submitted under § 2245 in federal habeas proceedings, and even fewer decisions do so post-AEDPA or post-*Pinholster*. *See Saunders v. Tennis*, 2011 WL 2117559, at *9 (E.D. Pa. May 26, 2011) (citing cases). Nevertheless, *Pinholster* made clear that federal habeas review of state court decisions adjudicated on the merits must be "backward-looking" and focused "on what a state court knew and did" at that time. 131 S. Ct. at 1398–99. The Court held that "[i]f a claim has been adjudicated on the merits by a state court, a federal habeas petitioner must overcome the limitation of [AEDPA] *on the record that was before that state court*." *Id.* at 1400 (emphasis added). Although the *Pinholster* Court issued this holding in the context of habeas review under § 2254(d)(1), the Court noted that § 2254(d)(2) provided "additional clarity" on the point because § 2254(d)(2) requires federal courts to review state court factual determinations "in light of the evidence presented in the State court proceeding." *Id.* at 1400 n.7.

The district court's exclusion of the trial judge's certificate was consistent with *Pinholster*. Lovell challenges a state court decision that was adjudicated on the merits. Therefore, our review of the state court's factual determinations must be backward-looking and made "in light of the evidence presented" at the time. Lovell did not present her trial judge's certificate to the Ohio Court of Appeals. For this reason, we may not consider it today.

Interpreting *Pinholster* to exclude § 2245 certificates when a habeas petitioner challenges a state court decision made on the merits does not "read [§ 2245] out of existence," as Lovell argues.

Instead, and consistent with *Pinholster*'s logic as to federal evidentiary hearings under § 2254(e)(2), trial judge certificates are still admissible when federal habeas courts decide claims that were *not adjudicated on the merits* in state court. *See Pinholster*, 131 S. Ct. at 1400–01. Not all federal habeas claims by state prisoners fall within the scope of § 2254(d), which applies only to claims "adjudicated on the merits" in state court. Therefore, § 2245 still has force in cases in which a federal court may admit additional evidence that was not before the relevant state court. But that is not the class of cases to which Lovell's claim belongs. Her claim, and our review, is limited to the record before the Ohio Court of Appeals, which did not contain the trial judge's certificate.

Lovell submits no case law to the contrary. The only case she cites undercuts the very position she argues. In *Saunders v. Tennis*, a federal habeas court admitted a § 2245 certificate, but it did so as part of a broader federal evidentiary hearing that considered evidence beyond the state court record. *Saunders*, 2011 WL 2117559, at *5–6. The court in *Saunders* neither cited nor applied *Pinholster*, which was issued just one month prior to the court's ruling. *Id.* Thus, the district court may have improperly considered the findings of the evidentiary hearing and improperly received the § 2245 certificate. *See Saunders v. Tennis*, 483 F. App'x 738, 745 (3d Cir. 2012) (questioning the propriety of the federal evidentiary hearing but disposing of the case on other grounds). Regardless, the context in which the court received the § 2245 certificate was clear: it occurred in conjunction with a federal habeas court reviewing evidence beyond the state court record. Those are not the circumstances in the case *sub judice*.

We need not reach the parties' ancillary arguments about this particular trial certificate and whether it even falls under § 2245. *Pinholster* limits review of § 2254(d) claims to the record before

the state court that denied post-conviction relief. The trial judge's certificate was not in the record before the Ohio Court of Appeals. On the facts of this case, the district court properly excluded the certificate on remand.[1]

## IV. CONCLUSION

The district court properly applied AEDPA's highly deferential standard of review for state court factual determinations and properly confined its review to the record before the Ohio Court of Appeals by excluding the trial judge's § 2245 certificate. For these reasons, we cannot conclude that the Ohio Court of Appeals' decision rejecting Lovell's ineffective assistance of counsel claim was unreasonable under 28 U.S.C. § 2254(d). Accordingly, we affirm the district court's denial of Lovell's habeas petition.

---

[1]We note that, in *Register v. Thaler*, 681 F.3d 623, 627 (5th Cir. 2012), the state trial transcript and other critical portions of the state court record were no longer available. In such circumstances, where a federal habeas court is conducting a "look through" to the state trial court's factual determinations, "*Pinholster* does not bar the district court from re-creating, if it can, the record that the state trial court had before it," which could include use of the state trial judge's certificate under 28 U.S.C. § 2245. *Register*, 681 F.3d at 627 & n.14.