792 F.2d 444
 14 Soc.Sec.Rep.Ser. 56, Medicare&Medicaid Gu 35,440
Cecil C. RAM, M.D., Appellee,
v.
Margaret M. HECKLER, Individually and in her official
capacity as Secretary of the United States
Department of Health and Human
Resources, Appellant.
 No. 85-2323.
 United States Court of Appeals,
Fourth Circuit.
 Argued May 7, 1986.
Decided June 6, 1986.
 
 Dana J. Petti, Asst. Regional Atty., Dept. of Health and Human Services, Atlanta, Ga. (Samuel T. Currin, U.S. Atty., Raleigh, N.C., Charles R. Brewer, U.S. Atty., Clifford C. Marshall, Asst. U.S. Atty., Asheville, N.C., Bruce R. Granger, Regional Atty., Kansas City, Mo., on brief), for appellant.
 Charles E. Johnson (Julia V. Jones, Moore, Van Allen, Allen & Thigpen, Charlotte, N.C., on brief), for appellee.
 Before MURNAGHAN and WILKINSON, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 BUTZNER, Senior Circuit Judge:
 
 
 1
 The Secretary of the Department of Health and Human Services appeals from an order enjoining her from suspending Dr. Cecil Ram as a medicare provider prior to final disposition of his administrative appeal. We hold that a physician who has been convicted of medicare fraud is not entitled to a presuspension administrative hearing. The physician is, however, entitled to a prompt postsuspension hearing in order to satisfy the requirements of 42 U.S.C. Sec. 1320a-7(d) and the due process clause of the fifth amendment. We vacate the order and remand the case to the district court.
 
 
 2
 * On September 9, 1982, Ram pled guilty to one misdemeanor count of medicare fraud, in violation of 18 U.S.C. Sec. 1003. Nearly three years later, on August 7, 1985, the Department of Health and Human Services notified Ram that, because of the 1982 conviction, in 15 days he would be suspended from one year's service as a medicare provider, as required by the Social Security Act, 42 U.S.C. Sec. 1320a-7(a). On August 26, 1985, Ram filed this action to stay the suspension pending an administrative hearing to determine whether he could properly be suspended and, if so, whether a shorter period of suspension was appropriate. On September 26, Ram filed his request for an administrative hearing. He acted pursuant to 42 U.S.C. Sec. 1320a-7(d), which provides that a suspended physician is entitled to reasonable notice and opportunity for a hearing, and 42 C.F.R. Sec. 405.1531(a) (1985), which provides that the request for a hearing must be made in 60 days.
 
 
 3
 On October 3, the district court granted a preliminary injunction. 617 F.Supp. 612. The court held that Ram was entitled to a presuspension hearing, that Ram was likely to prevail on the merits at such hearing, and that the harm to Ram that would be caused by a suspension outweighed any harm to the government or to the public caused by the stay. The Secretary noted her appeal. On April 30, 1986, seven months after his request, Ram was notified that his administrative hearing would begin June 26, 1986.
 
 II
 
 4
 The Secretary contends that the district court lacked subject matter jurisdiction. Physicians suspended from the medicare program are entitled to judicial review of the "final decision" made by the Secretary after a hearing. 42 U.S.C. Sec. 405(g); see 42 U.S.C. Sec. 1320a-7(d). Because Ram has not yet had his administrative hearing on the validity of the suspension, the Secretary contends that the district court lacked jurisdiction to consider Ram's procedural challenge.
 
 
 5
 The district court properly applied Mathews v. Eldridge, 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976), to determine whether the exhaustion requirement of 42 U.S.C. Sec. 405(g) precludes jurisdiction in this case. Ram satisfies an essential jurisdictional requirement of Mathews v. Eldridge. His claim that he should not be suspended or that he should not be suspended for a period as long as one year has been presented to the Secretary. See 424 U.S. at 328-29, 96 S.Ct. at 899-900. In Mathews v. Eldridge the Court also ruled that the exhaustion requirement of section 405(g) does not apply to a due process claim "entirely collateral" to a substantive claim, if the plaintiff has raised "at least a colorable claim" that erroneous deprivation prior to exhaustion of administrative remedies would harm him in a way that could not be recompensed. 424 U.S. at 330-31, 96 S.Ct. at 900-01.
 
 
 6
 Ram's claim that he is entitled to a presuspension hearing is "entirely collateral" to his substantive claim that the suspension is in error. See Reed v. Heckler, 756 F.2d 779, 784 (10th Cir.1985) (because claim of insufficient notice is collateral to claim for medicare benefits, Eldridge exception governs). A final decision on Ram's substantive claim would not answer the constitutional challenge to the validity of a suspension prior to a hearing. Mathews v. Eldridge, 424 U.S. at 331-32, 96 S.Ct. at 900-01.
 
 
 7
 Ram has raised a colorable claim that erroneous administrative action prior to exhaustion of his administrative remedies would harm him in a way that cannot be recompensed.* The district court found that Ram would be deprived of a substantial portion of his income throughout the suspension, income that could not be recovered if the suspension were later found to be in error. The court also noted that Ram might be deprived of this income for up to one year, because he had been given no assurance that the administrative hearing would be concluded prior to the end of his year's suspension. The Secretary's scheduling of the administrative hearing to begin nine months after Ram's request emphasizes the significance of his constitutional claim. His request did not stay the suspension of one year while he waited nine months for his hearing.III
 
 
 8
 We turn now to the merits of Ram's constitutional claim. Ram's expectation of continued participation in the medicare program is a property interest protected by the due process clause of the fifth amendment. See Bowens v. North Carolina Department of Human Resources, 710 F.2d 1015, 1018 (4th Cir.1983).
 
 
 9
 Nevertheless, this interest does not merit the protection of a presuspension hearing. The criminal trial afforded Ram ample process to assert his innocence. Thus, the risk of an erroneous decision concerning his fraud is negligible. See Mathews v. Eldridge, 424 U.S. at 335, 343-46, 96 S.Ct. at 907-08; see also Barry v. Barchi, 443 U.S. 55, 64, 99 S.Ct. 2642, 2649, 61 L.Ed.2d 365 (1979).
 
 
 10
 Ram is entitled, however, to a prompt postsuspension hearing that should proceed and be concluded without unreasonable delay to determine whether his fault warrants a one-year suspension. In Barry v. Barchi, 443 U.S. 55, 64, 99 S.Ct. 2642, 2649, 61 L.Ed.2d 365 (1979), the Court held that the state is entitled to impose an interim suspension on a horse trainer, upon a satisfactory showing that the trainer's horse had been drugged and that the trainer was at least negligent in failing to prevent the incident. Nevertheless, the Court held that the statute authorizing the suspension was unconstitutional as applied, because it did not assure the trainer a prompt postsuspension hearing and prompt disposition of the substantive issues. 443 U.S. at 66, 99 S.Ct. at 2650. Cf. Mackey v. Montrym, 443 U.S. 1, 19, 99 S.Ct. 2612, 2621-22, 61 L.Ed.2d 321 (1979) (statute providing hearing and disposition within ten days of suspension of driver's license is constitutional).
 
 
 11
 Ram's hearing has now been scheduled for June 1986. Consequently, there should be no appreciable delay between the lifting of the stay and the hearing and disposition of his claim. We vacate the preliminary injunction and remand for further proceedings consistent with this opinion.
 
 
 
 *
 Northlake Community Hospital v. United States, 654 F.2d 1234 (7th Cir.1981), on which the government relies, does not require a contrary result. That case ruled that the court had no jurisdiction under 42 U.S.C. Sec. 405(g) to consider the hospital's claim that it had been denied due process by being suspended from service as a medicare provider prior to a hearing. In Northlake the hospital had been afforded notices of deficiencies identified on several inspection visits, opportunities to respond in writing to the notices, and nearly a year's grace period to correct the deficiencies. 654 F.2d at 1244-45. Consequently, the court found, "The facts contained in this record demonstrate that Northlake's charges do not rise to the level of a colorable constitutional claim." 654 F.2d at 1241