NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 19a0444n.06

No. 18-1799

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| ESTATE OF JONATHAN MANOLIOS; GEORGE MANOLIOS; SUSAN MANOLIOS, | ) ) ) | **FILED**<br>Aug 22, 2019<br>DEBORAH S. HUNT, Clerk |
| Plaintiffs-Appellants, | ) ) | |
| v. | ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN |
| MACOMB COUNTY; ANTHONY WICKERSHAM; DAVID KENNEDY; JASON ABRO; RENEE YAX; DAVID CRABTREE, | ) ) ) ) ) | |
| Defendants-Appellees. | ) | |

Before: CLAY, LARSEN, and READLER, Circuit Judges.

LARSEN, Circuit Judge. This appeal arises from a tragic car accident that killed three teenagers and seriously injured two others. Local police identified Jonathan Manolios, one of the deceased, as the driver. His parents and estate brought an action under 42 U.S.C. § 1983 against Macomb County, Michigan, and several police officers for alleged misconduct during the post-accident investigation. The district court dismissed the case, and the Manolioses appealed. For the reasons stated below, we AFFIRM.

I.

Plaintiffs appeal the district court's entry of judgment on the pleadings. In this posture, we take the plaintiffs' well-pleaded allegations as true. *Benzon v. Morgan Stanley Distribs., Inc.*, 420 F.3d 598, 605 (6th Cir. 2005). Accordingly, we present the facts in that light.

In May 2015, a car carrying five teenaged boys careened off the roadway while driving through a park in southeast Michigan. Four of the boys—Manolios, Emmanual Malaj, Michael Wells, and Joseph Narra—were ejected from the car as it flipped down an embankment toward a nearby creek. Emergency crews soon arrived and found the fifth boy, Gregory Bobchick, wearing a seatbelt and alive in the front passenger seat. Manolios, Malaj, Wells, and Narra were found along the embankment. Of those four, only Narra was alive.

Toxicology tests revealed that all five boys had consumed alcohol prior to the accident. In Michigan, a driver younger than 21 is considered under the influence of alcohol if he "has any bodily alcohol content." Mich. Comp. Laws (MCL) § 257.625(6). Drivers who cause death while driving under the influence of alcohol face up to fifteen years in prison. MCL § 257.625(4). Consequently, identifying which of the five boys was driving the car carried criminal significance. But because Bobchick was found buckled into the passenger seat and the other four boys were ejected from the car, the driver's identity was not immediately clear.

The Macomb County Sheriff's Department investigated the accident. They concluded that Manolios was the driver. At a press conference, Sheriff Anthony Wickersham shared that conclusion with the public. Wickersham also reported, mistakenly, that Manolios's blood alcohol content was 0.086 at the time of the crash. But the Department later revealed that the blood vials used for the toxicology tests had been mislabeled; Manolios's blood alcohol content was actually 0.024.

The Manolioses contend that Narra was behind the wheel during the accident. They claim that the Department conducted the investigation with "gross negligen[ce]" in an effort to "frame[]" Jonathan Manolios as the driver and shield Narra from criminal prosecution. The Manolioses claim that this misinformation caused Prudential Insurance Company to initially deny coverage

under a life insurance policy, based on a coverage exclusion for decedents killed while driving under the influence of alcohol.

In July 2018, the Manolioses filed a fifteen-count complaint in federal court against Macomb County, Wickersham, and police officers David Kennedy, Jason Abro, Renee Yax, and David Crabtree. The complaint asserts nine federal causes of action under § 1983 for violating the constitutional rights of Jonathan Manolios and his parents. Those nine claims arise from the alleged violation of five discrete constitutional rights: (i) procedural and substantive due process; (ii) equal protection; (iii) access to court; (iv) invasion of privacy; and (v) free exercise of religion.

The officers moved for judgment on the pleadings under Federal Rule of Civil Procedure 12(c). The district court granted their motion, dismissing the Manolioses' federal claims with prejudice.[1] The court held that the complaint did not allege conduct by each individual officer sufficient to establish a violation of the Manolioses' clearly established constitutional rights—the requisite standard given the officers' assertion of qualified immunity as an affirmative defense. Having dismissed all the federal claims, the district court declined to exercise supplemental jurisdiction over the state law claims and entered final judgment. This appeal followed.

II.

The Manolioses raise five issues on appeal: (1) whether the complaint adequately pleaded the "loss of a property interest" in connection with the procedural and substantive due process claims; (2) whether the complaint stated an equal protection claim; (3) whether the complaint

---

[1] The district court also *sua sponte* dismissed the Manolioses' claims against the County, reasoning that supervisory liability against the County could not exist without any underlying finding that the officers violated the Manolioses' constitutional rights. The Manolioses do not challenge that dismissal on appeal.

stated a constitutional privacy claim; (4) whether the officers are entitled to qualified immunity; and (5) whether the district court should have granted leave to amend the complaint.

We review the granting of a Rule 12(c) motion under the same standard as a motion to dismiss pursuant to Rule 12(b)(6). *Greer v. City of Highland Park*, 884 F.3d 310, 314 (6th Cir. 2018). All well-pleaded factual allegations are accepted as true, and all plausible inferences are drawn in the plaintiffs' favor. *Benzon*, 420 F.3d at 605. To survive a Rule 12(c) motion, the complaint must allege factual matter that, if true, states a claim to relief that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation mark omitted). Using these standards, we review de novo the district court's dismissal. *Jackson v. Ford Motor Co.*, 842 F.3d 902, 906 (6th Cir. 2016).

III.

*Due Process.* A valid due process claim—whether rooted in procedural or substantive rights—requires the deprivation of a constitutionally protected property or liberty interest. *See Parrino v. Price*, 869 F.3d 392, 397–98 (6th Cir. 2017); *Daily Servs., LLC v. Valentino*, 756 F.3d 893, 904 (6th Cir. 2014). The district court noted that the Manolioses could not attempt to satisfy this requirement by pointing to claims denied under their Prudential life insurance policy because Prudential ultimately paid on the policy. *Estate of Manolios v. Macomb County*, No. 17-cv-12277, 2018 WL 2948032, at *8 n.5 (E.D. Mich. June 13, 2018).[2]

The Manolioses contend that the district court erred by not considering a handful of additional insurance and probate claims that are still pending as a result of the Department's misidentification of Jonathan Manolios as the driver. But the complaint makes no mention of these

---

[2] The district court also rejected the premise that "insurance benefits represent[] a protectable property interest for purposes of the Fourteenth Amendment." *Manolios*, 2018 WL 2948032, at *8 n.5. We need not decide that question here.

additional claims. That omission is dispositive of the Manolioses' argument. A judgment entered pursuant to Rule 12(c) is based solely on the pleadings. *See* Fed. R. Civ. P. 12(c)–(d); *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008). The district court did not err by failing to consider losses not found in the complaint.

*Equal Protection.* The Manolioses do not allege that they were discriminated against based on their race, religion, any other suspect classification, or their exercise of a fundamental right. Absent such allegations, equal protection plaintiffs must show (1) intentional unequal treatment between themselves and others similarly situated; and (2) the absence of any rational basis for such treatment. *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (per curiam). The district court dismissed the equal protection claim, concluding that the Manolioses had not alleged facts establishing unequal treatment. *Manolios*, 2018 WL 2948032, at *12. On appeal, the Manolioses contend that the court erred in this conclusion—the officers treated them differently, they say, by "shield[ing] the survivors from criminal prosecution while violating [the Manolioses'] rights to privacy."

But the district court provided an alternative basis for its dismissal of this claim. The court found that a rational basis existed for any alleged unequal treatment. *Id.* The Manolioses' complaint concedes that Bobchick told the Department that Jonathan Manolios had been driving the car on the night of the accident. As a result, the court reasoned, the Department's identification of Manolios as the car's driver, though allegedly mistaken, still satisfied the rational basis test. The Manolioses do not contend that the district court erred in its rational basis analysis; nor do they attempt to develop their equal protection claim in any other way beyond a few unsupported, conclusory sentences in their brief. Hence, they have forfeited this issue. *See United States v. Johnson*, 440 F.3d 832, 845–46 (6th Cir. 2006) (explaining that an appellant forfeits "issues not

raised and argued in its initial brief on appeal" and "issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation"). And that forfeiture forecloses their equal protection claim. Accordingly, we do not address whether the complaint adequately alleges unequal treatment.

*Right to Privacy.* The Supreme Court has recognized a constitutional right to privacy rooted in the Fourteenth Amendment. *See Whalen v. Roe*, 429 U.S. 589, 598–99 (1977). That right protects individuals from the disclosure of personal information only where a "fundamental liberty interest" is implicated. *Bloch v. Ribar*, 156 F.3d 673, 684 (6th Cir. 1998).

The Manolioses argue that the Department's public misidentification of Jonathan Manolios as the driver violated a fundamental liberty interest. But there is no such "clearly established" rule of constitutional law; thus, the officers are entitled to qualified immunity. *See Reichle v. Howards*, 566 U.S. 658, 664 (2012). Clear establishment is a high bar. We have recognized constitutional protection against disclosure of personal information in only two instances: (1) where the disclosure could lead to bodily harm, and (2) where the information is "of a sexual, personal, and humiliating nature." *Lambert v. Hartman*, 517 F.3d 433, 440 (6th Cir. 2008) (discussing prior caselaw). The Manolioses' claim fits neither category. Even if the rule the Manolioses propose were "*suggested* by then-existing precedent," that would not be enough. *District of Columbia v. Wesby*, 138 S. Ct. 577, 590 (2018) (emphasis added). Instead, for a rule to be clearly established, the unconstitutionality of the defendants' conduct must be "beyond debate." *Id.* (internal quotations omitted). Here, the officers' public misidentification of Manolios as the driver falls well beneath that standard. At a hearing below, the Manolioses' counsel conceded, "In all honesty, I haven't been able to find a case directly on point." The Manolioses have similarly failed to provide such a case on appeal. That deficiency ends our inquiry.

In sum, the facts alleged do not show violations of the Manolioses' clearly established due process, equal protection, or privacy rights. As such, the officers are entitled to qualified immunity and dismissal. We regret the tragic circumstances of the boys' deaths and injuries, but there is no § 1983 liability here.

IV.

The final issue before us is whether the district court should have granted the Manolioses leave to amend their complaint. We review a district court's failure to grant an opportunity to amend for abuse of discretion. *Sinay v. Lamson & Sessions Co.,* 948 F.2d 1037, 1041 (6th Cir. 1991). The Manolioses contend that the district court abused its discretion by not providing them with an opportunity to amend prior to dismissal. We disagree. "[A] district court does not abuse its discretion in failing to grant a party leave to amend where such leave is not sought." *Id.* at 1042; *see also Islamic Ctr. of Nashville v. Tennessee*, 872 F.3d 377, 386–87 (6th Cir. 2017). Here, the Manolioses did not move for leave to amend. The district court was under no obligation to grant relief not sought.

* * *

We AFFIRM the district court's judgment.