NOT RECOMMENDED FOR PUBLICATION
File Name: 21a0205n.06

No. 19-3858

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

**FILED**

Apr 20, 2021
DEBORAH S. HUNT, Clerk

CALVIN GRIFFIN,

    Petitioner-Appellant,

v.

TIMOTHY BUCHANAN, Warden,

    Respondent-Appellee.

)
)
)
)
)
)
)
)
)
)

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF OHIO

BEFORE: BATCHELDER, MOORE, and ROGERS, Circuit Judges.

BATCHELDER, J., delivered the opinion of the court in which ROGERS, J., joined. MOORE, J. (pg. 13), delivered a separate opinion concurring in the judgment.

**ALICE M. BATCHELDER, Circuit Judge.** In 2012, Calvin Griffin was the defendant in four factually distinct criminal cases in Franklin County, Ohio, Common Pleas Court involving a variety of charges. He pleaded guilty in three of those cases and a jury found him guilty in the fourth, and the trial court sentenced him to a total of ten years on the lot. Griffin seeks federal habeas relief, claiming that the state trial court and his trial counsel violated his constitutional rights. The district court denied relief and Griffin timely appealed. We AFFIRM the judgment of the district court.

## I. Facts and Procedural Background.

The underlying criminal offenses for which Griffin was convicted are not material to his habeas appeal, nor are the separate sentences imposed by the trial court for those convictions.

Material here are his claims that his counsel rendered ineffective assistance during plea negotiations in these cases, and that in one of the cases, he and his counsel had a conflict due to a breakdown in the attorney-client relationship; and that the trial court erred in refusing to appoint his counsel of choice to represent him in the case that went to trial, Case No. 470.

This case is a procedural mare's nest; we untangle only that which is germane to this appeal. Griffin's attorney was appointed to represent him in three of the criminal cases, Case Nos. 1407, 1543, and 2434; he retained her in Case No. 470. When the State made its only plea offer to Griffin—an eight-year global plea—Griffin declined the offer because his counsel had not yet been appointed to represent him in all four of the cases and he had not yet seen discovery or discussed any of it with counsel. On the day of trial for Case No. 470, his counsel approached the State with a counteroffer—a six-year global plea. The State agreed to this offer but Griffin, saying that he had not been consulted on the matter by counsel, rejected it. Also on the day of trial, Griffin asked the court to appoint new counsel to represent him at trial, but the court rejected the request. The trial proceeded and Griffin was convicted. He subsequently pleaded guilty in the other three cases.

Griffin appealed his conviction in Case 470, alleging two errors:

*ASSIGNMENT OF ERROR I*
The trial court erred by refusing to allow [Griffin] to obtain new counsel when requested in violation of [Griffin]'s Sixth Amendment rights.

*ASSIGNMENT OF ERROR II*
[Griffin] was denied effective assistance of counsel when his trial counsel failed to file a motion to suppress the evidence on his behalf.

*Ohio v. Griffin*, No. 12AP-798, 2013 WL 6506888, at *1 (Ohio Ct. App. Dec. 10, 2013) (cleaned up) ("*Griffin I*"). The Ohio court of appeals rejected Griffin's claims and the Ohio Supreme Court

denied review. *Griffin I*, at *5; *Ohio v. Griffin*, 6 N.E.3d 1206, 2014-Ohio-1674 (Ohio 2014) (table decision).

Griffin did not seek post-conviction relief in Case 470. Instead, in 2014, Griffin sought federal habeas relief (his "2014 Petition"). He challenged only his conviction in Case 470, claiming that the state trial court violated his right to counsel of choice by not appointing new counsel, that counsel had provided ineffective assistance by not moving to suppress evidence, and that the Ohio Supreme Court violated his right to due process and equal protection by not granting him relief. The magistrate judge initially recommended dismissal of Griffin's ineffective assistance and due process claims but recommended conditional relief for denial of counsel. *Griffin v. Warden, Noble Corr. Inst.*, No. 2:14-CV-857, 2016 WL 1090960, at *1 (S.D. Ohio Mar. 21, 2016) ("Report and Rec. I"). The district court, after reviewing the Warden's objection, recommitted the petition to the magistrate judge for further review.

In 2017, Griffin moved to stay the 2014 Petition so he could pursue a motion to withdraw his guilty plea in Case 2434. The state trial court denied the motion to withdraw the plea. The Ohio court of appeals described Griffin's motion:

> [H]e argued that he should be permitted to withdraw his plea based on counsel's alleged failure to advise him competently of an offer by the prosecution to resolve all of his pending cases for a total prison term of six years. Griffin also argued that the proper remedy is for the six-year deal to be reinstated such that Griffin's sentence in all cases does not exceed six years. The motion was apparently not filed in any of his other cases, Nos. 12CR–470, 12CR–1407, or 12CR–1543, none of which contained sentences beyond six years.
>
> Following briefing by the State and a reply in support by Griffin, the trial court issued a decision on June 12, 2017. It found that transcripts showed that Griffin was apprised of more than one plea deal throughout the course of proceedings, including the six-year offer and that he rejected all of them. Griffin now appeals that ruling but has not attempted to appeal any of his other cases in relation to his motion.

. . .

Griffin asserts a single assignment of error for review:

> The trial court erred in denying Appellant's motion to withdraw his guilty plea and reinstate a "global" plea deal to resolve four pending cases, as Appellant was denied effective assistance of counsel in the resolution of his guilty plea in said cases, in violation of the Ohio Constitution, Article I, Section 10 and in violation [of] the 6th and 14th Amendments to the U.S. Constitution.

*Ohio v. Griffin*, No. 17AP-492, 2018 WL 333002, at *2 (Ohio Ct. App.) (state court record cites removed) ("*Griffin II*"). The Ohio court of appeals affirmed the trial court and the Ohio Supreme Court again denied review. *Id.* at *5; *Ohio v. Griffin*, 98 N.E.3d 295, 2018-Ohio-1990 (Ohio 2018) (table decision). Griffin petitioned for federal habeas relief on Case 2434 (his "2018 Petition"), claiming that his trial attorney provided ineffective assistance, both during plea negotiations and generally because the attorney-client relationship had broken down. Griffin simultaneously amended his 2014 petition, dropping his due-process claim but maintaining his counsel-of-choice and ineffective-assistance (for failing to file a motion to suppress) claims. The district court consolidated Griffin's petitions.

Three claims remained when the magistrate judge issued the second Report and Recommendation: that (1) Griffin received ineffective assistance of counsel in Case 2434 both during plea bargaining and generally because of a conflict in the attorney-client relationship due to a breakdown in communication; (2) he received ineffective assistance of counsel during plea bargaining and due to a breakdown in communication because of a conflict in the attorney-client relationship in Case 470; and (3) the trial court denied Griffin's constitutional right to counsel of choice in Case 470. *See Griffin v. Warden, Noble Corr. Inst.*, Nos. 2:14-cv-857, 18-cv-839, 2019

WL 1989646, at *3, *6 (S.D. Ohio May 6, 2019) ("Report and Rec. II").[1] The magistrate judge held that the 2018 Petition (containing Griffin's only claim from Case 2434) was barred under the Antiterrorism and Effective Death Penalty Act's ("AEDPA") statute of limitations; that Griffin procedurally defaulted his ineffective-assistance-of-counsel claim from Case 470; and that his denial-of-counsel-of-choice claim from Case 470 lacked merit. *Id.* at *2–5, *6.

The district court adopted the second Report and Recommendation in its entirety. *Griffin v. Warden, Noble Corr. Inst.*, No. 2:14-cv-857, 18-cv-839, 2019 WL 3536231, at *1 (S.D. Ohio Aug. 2, 2019) ("Op. and Order"). The court granted certificates of appealability on two questions: (1) whether the trial court erred in refusing to conduct a hearing or appoint new counsel in Case 470, and (2) whether Griffin procedurally defaulted his claims that counsel provided ineffective assistance during plea negotiations and was ineffective because of an attorney-client conflict in Case 470. *Id.* at *3. We previously denied Griffin's application to expand the certificate of appealability to encompass his claim of ineffective assistance of counsel in Case 2434.

Griffin briefed his appeal as if both habeas petitions and both Cases 470 and 2434 are properly before us. He is incorrect. The district court's dismissal of the 2018 Petition for a statute-of-limitations defect encompassed Griffin's only challenge to Case 2434. *See* Report and Rec. II, 2019 WL 1989646, at *5. The certified questions involve only the 2014 Petition, which challenges only Case 470. Therefore, for purposes of our AEDPA analysis, the last state court decision we review is *Griffin I*, not *Griffin II*.

---

[1] Griffin abandoned his claim of ineffective assistance for failing to file a motion to suppress. Report and Rec. II, 2019 WL 1989646, at *6 n. 5.

## II.  Counsel of Choice.

The district court found that "[r]easonable jurists . . . could debate whether [Griffin]'s claim that the trial court improperly failed to appoint him new counsel or conduct a hearing on his request for new counsel" states a viable claim for habeas relief.  Op. and Order, 2019 WL 3536231, at *3. But if an argument could be made that the trial court violated Griffin's counsel-of-choice right on Case 470, or that the Ohio court of appeals unreasonably interpreted facts regarding that right, Griffin did not make it here.

### A.     Griffin's briefing.

Griffin's briefing on counsel of choice is almost entirely copied word-for-word from his Response / Traverse to Respondent's Answers to Petitions for Writ of Habeas Corpus below, with parts dating back to his motion to withdraw his guilty plea in Case 2434 and his state appellate briefing on that motion.  Other than a new standard of review and three paragraphs alleging that the district court erred by vacating its first Report and Recommendation, everything else in the choice-of-counsel section of Griffin's briefing comes from the district court document, with only minor cosmetic changes distinguishing the two.

We raise this because the copied portions of Griffin's briefing predominantly argue ineffective assistance of counsel in Case No. 2434, which is not before us.  The question certified for appeal deals with whether in Case No. 470 the state trial court violated Griffin's Sixth Amendment right to counsel of choice.  *See* Op. and Order, 2019 WL 3536231, at *3.  These are different rights, with distinct analyses.  *See United States v. Gonzalez-Lopez*, 548 U.S. 140, 147– 48 (2006) (warning against confusing the right to counsel of choice and the right to effective counsel).  We must focus our review of this certified question solely on counsel of choice. Although Griffin gives us little to analyze, we will resist the temptation to treat the entirety of this

claim as abandoned. *See Sanborn v. Parker*, 629 F.3d 554, 579 (6th Cir. 2010) (holding that a habeas appellant waived an argument because his briefing focused exclusively on issues that did not go to the certified question on appeal); *see also Hall v. U.S. Bank, N.A.*, 626 F. App'x 114, 116 (6th Cir. 2015) (declining to reach the merits of a case where the "appellate brief [was] virtually identical—word-for-word—to the response to the motion to dismiss filed in the district court").

## B.    Background.

Neither the Ohio court of appeals nor the district court granted relief on this claim. The magistrate judge summarized:

> The state appellate court found that [Griffin] was indigent, and unable to retain his own attorney. The appellate court also found that the record did not indicate that counsel was unprepared or that [Griffin] received inadequate representation. [Griffin] has failed to rebut the presumption of correctness of these factual findings. 28 U.S.C. § 2254(e). Further, [Griffin] waited until the first day of trial to make his request for new counsel. This would have been his third attorney on the case. He did not state that he intended to retain another attorney, and the trial court had no reason to believe that [Griffin] could do so because [Griffin] had previously indicated that he was indigent, and had been appointed counsel in the three other pending criminal cases against him. Additionally, [Griffin] had seen his attorney in court on at least two prior occasions, rejected two plea offers from the State, and during that time had expressed an understanding of the charges and evidence against him. Despite having had an opportunity to do so, [Griffin] did not previously request the appointment of new counsel, or indicate that he was attempting to hire another attorney. Under these circumstances, this Court cannot conclude that the state appellate court's determination that "the trial court did not abuse its discretion in refusing to delay [Griffin's] trial based upon his untimely, generalized complaints regarding counsel" constitutes an unreasonable determination of the facts in light of the evidence presented or that [Griffin] has established that the state appellate court's decision denying this claim warrants relief under the provision of 28 U.S.C. § 2254(d).

Report and Rec. II, 2019 WL 1989646, at *16. The district court held that the decision of the Ohio court of appeals neither contravened nor unreasonably applied Supreme Court precedent, nor did it rely upon an unreasonable application of facts. *Id.* at *15.

## C.    Standard of Review.

"Under AEDPA, a writ of habeas corpus should be denied unless the state court decision was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court, or based on an unreasonable determination of facts in light of the evidence presented to the state courts." *Coley v. Bagley*, 706 F.3d 741, 748 (6th Cir. 2013). The "contrary to" and "unreasonable application" clauses derive from 28 U.S.C. § 2254(d)(1). The "unreasonable determination of facts" clause derives from 28 U.S.C. § 2254(d)(2).

The "contrary to" clause allows relief "if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law, or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts." *Moore v. Mitchell*, 708 F.3d 760, 774 (6th Cir. 2013). The "unreasonable application" allows relief "if the state court identifies the correct governing legal principle from the Supreme Court's decisions but unreasonably applies that principle to the facts of the petitioner's case." *Id.* at 774–75.

The "unreasonable determination of facts" clause starts with the presumption that the state court made correct findings of fact. 28 U.S.C. § 2254(e)(1). The petitioner must offer clear and convincing evidence of an unreasonable determination of fact to overcome this presumption. *Lovell v. Duffey*, 545 F. App'x 375, 379 (6th Cir. 2013); 28 U.S.C. § 2254(e)(1). The habeas court's review of the state court's factual findings must be based only on the record available to that court at the time of adjudication. *See Cullen v. Pinholster*, 563 U.S. 170, 181 (2011). A court may not grant the writ solely on the belief that reasonable minds could disagree about how to interpret the facts. *Brumfield v. Cain*, 576 U.S. 305, 314 (2015) (citation omitted). "The record must 'compel the conclusion that the [state] court had no permissible alternative' but to arrive at the contrary conclusion." *Carter v. Bogan*, 900 F.3d 754, 768 (6th Cir. 2018) (citation omitted).

The petitioner cannot just show an unreasonable determination of fact to get relief; he "must show that the resulting state court decision was based on that unreasonable determination." *Rice v. White*, 660 F.3d 242, 250 (6th Cir. 2013) (internal quotation marks omitted).

Additionally, showing that the state court based its decision on an unreasonable determination of fact does not by itself entitle the petitioner to relief, it merely "removes AEDPA's litigation bar. Once the bar is removed, Petitioner must show that he is being held in violation of federal law by identifying, and prevailing on, a federal claim." *Id.* at 257; *see also Wilson v. Corcoran*, 562 U.S. 1, 5–6 (2010) (per curiam).

**D.      Griffin abandoned any argument under 28 U.S.C. § 2254(d)(1), the "contrary to" or "unreasonable application of clearly established federal law" clauses.**

Griffin's only legal claim regarding counsel of choice is that the magistrate judge, having initially recommended relief on this issue, erred by later recommending otherwise. Griffin addresses neither whether the state courts contravened Supreme Court precedent or unreasonably applied it by denying him new counsel or a hearing on the issue. The only cases he cites relate to how his counsel's assistance was ineffective. We therefore consider Griffin's arguments under § 2254(d)(1) abandoned. *See Parrino v. Price*, 869 F.3d 392, 399 (6th Cir. 2017) (issue not raised in opening brief abandoned on appeal); *see generally Sanborn*, 629 F.3d at 579 (issue first raised in reply brief waived on habeas appeal).

**E.      Griffin failed to meet his burden to show an unreasonable application of fact under 28 U.S.C. § 2254(d)(2).**

Griffin instead focuses on a Section 2254(d)(2) claim, alleging that the Ohio Court of Appeal's decision in *Griffin I* "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *See* 28 U.S.C. § 2254(d)(2). Griffin, to succeed, had to show by clear and convincing evidence that: (1) the Ohio court of appeals made an unreasonable determination of fact regarding the trial court's decision neither to grant a hearing

nor to appoint substitute counsel for Griffin; (2) the unreasonable determination of fact was the basis for the Ohio court of appeals' not granting Griffin relief; and (3) Griffin remains in custody because of a violation of a right established by Supreme Court precedent.

We need not analyze the first two prongs; Griffin cannot meet the third. Showing an unreasonable determination of facts by a state court removes only AEDPA's litigation bar. *Rice*, 660 F.3d at 257. Griffin must also show that his detention violates a Supreme Court-established right. *Id.* The district court certified the question of whether the trial court erred in neither appointing new counsel nor holding a hearing on Griffin's request for new counsel; not whether Griffin's counsel was ineffective.[2] But Griffin's argument focused on ineffective assistance—he made no attempt to argue counsel of choice. Therefore, Griffin failed to meet AEDPA's clear-and-convincing evidence burden on choice of counsel. We cannot grant him habeas relief on this issue.

### III. Ineffective Assistance.

The district court dismissed Griffin's claims of ineffective assistance of counsel during plea bargaining and because of a breakdown in the attorney-client relationship in Case 470 as procedurally defaulted. Report and Rec. II, 2019 WL 1989646, at *6–10. We agree.

### A.    Exhaustion.

We may not grant habeas relief unless "the applicant has exhausted the remedies available in the courts of the" sentencing state. 28 U.S.C. § 2254(b)(1)(A). Griffin sought only two state remedies across his four cases: direct appeal on Case 470 and a motion to withdraw his guilty plea in Case 2434. Op. and Order, 2019 WL 3536231, at *1; *Griffin II*, 2018 WL 333002, at *2. Recall that the 2018 Petition, challenging Case 2434, was barred by AEDPA's statute of limitations and

---

[2] This claim would be at issue in the second certified question but for Griffin's procedural default.

does not factor in our analysis; we may consider only relief sought through the 2014 Petition, which challenges only Case 470. Report and Rec. II, 2019 WL 1989646, at *2–3. In his direct appeal from Case 470, Griffin did not assert claims for ineffective assistance during plea bargaining and because of an alleged attorney-client conflict. *See Griffin I*, 2013 WL 6506888, at *1. In fact, Griffin never raised these claims to an Ohio court at all in Case 470—he first made them in his motion to withdraw his guilty plea, filed only in Case 2434. *See Griffin II*, 2018 WL 333002, at *2.

Griffin now argues that his motion to withdraw his guilty plea filed in Case 2434 serves as a post-conviction adjudication of ineffective assistance of counsel in all four of his cases, including Case 470.[3] He argues that the cases were "one case for the purposes of violation of [his] rights under the Sixth Amendment" because he had the same counsel on each and they were plea bargained together. The Ohio court of appeals treated the cases separately, noting that Griffin filed the motion to withdraw only in Case 2434 and that he "ha[d] not attempted to appeal any of his other cases in relation to his motion." *Griffin II*, 2018 WL 333002, at *2. The district court also rejected this argument, pointing out that "[Griffin]'s representation by the same attorney, whom he asserts performed in a constitutionally ineffective manner in separate criminal cases involving unrelated charges does not relieve him of the requirement of fairly presenting all his claims in each of those cases to the state courts." Report and Rec. II, 2019 WL 1989646, at *9. Nor was the district court persuaded that the cases were "one case" for purposes of ineffective assistance analysis because the prosecutors offered a global plea or because the trial court sentenced Griffin on all four cases simultaneously. *Id.*

---

[3] This, as the magistrate judge notes, suggests that AEDPA's statute of limitations bars this claim. Report and Rec. II, 2019 WL 1989646, at *6 n. 6. The State did not raise the argument to the district court, and the district court did not address it because it found Griffin procedurally defaulted the claim. *Id.*

We agree. Griffin had an opportunity to raise these claims in Case 470 on direct appeal. He did not. *Griffin II*, 2018 WL 333002, at *2; *Griffin I*, 2013 WL 6506888, at *1. Griffin had an opportunity to raise these claims in Case 470 in post-conviction. He did not. *Griffin II*, 2018 WL 333002, at *2. The *Griffin II* court limited its review to Case 2434—it explicitly noted that the motion to withdraw was not filed in Case 470. *Id.* at *2–3. Finding that Griffin did not exhaust this claim would require us to ignore the state appellate court's language in *Griffin II*. We cannot do so.

**B.      *Martinez/Trevino*.**

Griffin raised in his briefing here an alternative *Martinez*/*Trevino* argument to suggest that we should excuse his procedural default. He did not raise this argument to the district court, even in his objection to the second Report and Recommendation. Not only do we view this argument as waived, we also reject it because, to make it, Griffin again relies on treating Cases 470 and 2434 as "one case." Griffin cannot overcome the clear procedural history of these cases: he had opportunities to challenge ineffective assistance during plea bargaining and to raise his claim of a conflict of interest in Case 470, and he failed to do so. Therefore, we decline to address Griffin's *Martinez*/*Trevino* argument.

## IV.  Conclusion.

For the foregoing reasons, we AFFIRM the judgment of the district court.

**KAREN NELSON MOORE, Circuit Judge, concurring in the judgment.** Under *Wilson v. Sellers*, we must review "the last related state-court decision that [] provide[s] a relevant rationale." — U.S. —, 138 S. Ct. 1188, 1192 (2018). In *Ohio v. Griffin* (*Griffin II*), the Ohio Court of Appeals rejected Griffin's ineffective-assistance-of-counsel claim on the merits in the context of his related cases. No. 17AP-492, 2018 WL 333002, at *3–5 (Ohio Ct. App. Jan. 9, 2018). Applying AEDPA deference, as required under 28 U.S.C. § 2254(d)(1), I would conclude that *Griffin II* neither contradicted nor unreasonably applied Supreme Court precedent. Therefore, I respectfully concur in the judgment.