No. 23-ICA-11 *Samantha Burgess, Alyssa Skeens, George Grover, Jessica Halstead, and Sunshine Holstein v. West Virginia Department of Human Services, Bureau of Medical Services*, and
No. 23-ICA-39 *Holistic, Inc. v. West Virginia Department of Human Services, Bureau for Medical Services*

SCARR, C.J., concurring, in part, and dissenting, in part:

**FILED**

**June 12, 2024**

**released at 3:00 p.m.**
ASHLEY N. DEEM, DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

I write separately from the majority to concur in part and dissent in part. I concur with the analysis and all findings and conclusions of the majority opinion as to jurisdiction, part of the first assignment of error and the second assignment of error. I agree with the majority opinion that this Court has jurisdiction over this appeal. I also agree that the decision of BMS to suspend Medicaid payments to Petitioners was anything but arbitrary and capricious and that BMS did consider and did not abuse its discretion in concluding that good cause did not exist to prevent the mandatory suspension of payments. I further concur with the majority's conclusion as to the adequacy of the specific detail of the allegations in BMS' pre-suspension notice which was subsequently supplemented with additional information. And, finally despite my dissent, I concur with the ultimate holding in the case.

My dissent is limited to the conclusion that payments for services already provided, described as "earned funds," do not constitute a property interest under the State's Medicaid program triggering due process concerns and protections. I distinguish the status of "earned funds" from the alleged right or interest in continued participation in the Medicaid program which I agree, in these circumstances, is not a constitutionally

1

protected property interest. However, I believe that uninterrupted payment of "earned funds" under the State's Medicaid program constitutes a property interest protected by the due process clause of the Fourteenth Amendment of the United States Constitution and Section 10 of the West Virginia Constitution. The majority opinion notes that there is law going both ways on this issue and specifically references the holding of the Fourth Circuit Court of Appeals in *Ram v. Heckler*, 792 F.2d 444 (4th Cir. 1986), which actually concluded that there is a constitutionally protected property interest in federal healthcare programs such as Medicaid and Medicare. While I do not agree that continued participation in such programs by healthcare providers is a constitutionally protected property interest, I do believe that payment of "earned funds" is such a property interest requiring due process protections. I am particularly uncomfortable with the logic and conclusion that the simple initiation of a fraud investigation, which may or may not ultimately result in findings of fault, somehow vitiates constitutionally protected property interests. This conclusion is ripe for abuse. Despite my dissent on the issue of constitutionally protected property interests in payment of "earned funds," like the majority, I am satisfied that under the circumstances in this case, adequate due process protections were provided to the Petitioners, although the delays in the process and provision of detailed information as to the alleged fraud, resulting in lengthy suspensions, are troubling, particularly as it relates to the individual Petitioners.